

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH
## JUDICIAL DISTRICT AT MEMPHIS

HUNTER SMITH, ADRIAN
MCCREIGHT, LEONARD BOCKHOLD,
PATRICK ROSE, ROGER LIVINGSTON,
and STEPHEN DOYLE, on behalf of
themselves and others similarly situated,

      Plaintiffs,

v.

THE CITY OF MEMPHIS, by and through
the MEMPHIS CITY COUNCIL, and the
BOARD OF ADMINISTRATION OF
THE CITY OF MEMPHIS RETIREMENT
SYSTEM,

      Defendants.

Case No. 004693-15-5

---

## COMPLAINT

---

1.    This complaint seeks declaratory, injunctive, and other relief to prohibit the unlawful implementation of Ordinance 5573 ("the Ordinance"), passed by the Memphis City Council on December 16, 2014 (to become effective July 1, 2016), as it relates to suspending and reducing the retirement benefits of active City of Memphis municipal employees with less than seven and one-half (7.5) years of contributory service on the Ordinance's effective date. The Ordinance creates significant, adverse changes to the City's pension plan which will radically alter and reduce retirement benefits for all active employees with less than seven and one-half (7.5) years of contributory service on the Ordinance's effective date, causing substantial injury to those employees. Furthermore, the Ordinance treats the Plaintiffs in an arbitrary and discriminatory manner.

## JURISDICTION AND VENUE

2.      This court has jurisdiction to grant declaratory and injunctive relief pursuant to
Tenn. Code Ann. § 29-14-102.

3.      Venue in this action lies properly in this court pursuant to § 20-4-101(a).

## PARTIES

4.      Hunter Smith is a fire fighter for the City of Memphis. He was hired in 2009 and
has five years and 11 months of contributory service with the City. He is a resident of Shelby
County.

5.      Adrian McCreight is a fire fighter for the City of Memphis. He was hired by the
City in 2010 and has five years and six months of contributory service with the City. He is a
resident of Shelby County.

6.      Leonard Bockhold is a police officer for the City of Memphis. He was hired by
the City in 2010 and has five years of contributory service with the City. He is a resident of
Shelby County.

7.      Patrick Rose is a police officer for the City of Memphis. He was hired by the City
in 2009 and has six years and eight months of contributory service with the City. He is a resident
of Shelby County.

8.      Roger Livingston is a heavy equipment operator for the City of Memphis. He was
hired by the City in 2014 and has one year of contributory service with the City. He is a resident
of Shelby County.

2

9.     Stephen Doyle is an electrician for the City of Memphis. He was hired by the City in 2013 and has two years of contributory service with the City. He is a resident of Shelby County.

10.    Dustin Myers is a mechanic for the City of Memphis. He was hired by the City in 2011 and has four years of contributory service with the City. He is a resident of Shelby County.

11.    Smith, McCreight, Bockhold, Rose, Livingston, Doyle, and Myers, collectively, are referred to as the Named Plaintiffs and bring this as a class action pursuant to Tenn. R. Civ. P. 23.01-.02 on behalf of themselves and as representatives of a class of all City employees with less than seven and one-half (7.5) years of contributory service as of June 30, 2016.

12.    Named Plaintiffs Hunter and McCreight bring this as a class action pursuant to Tenn. R. Civ. P. 23.01-.02 on behalf of themselves and as representatives of a subclass of all Memphis Division of Fire Services employees with less than seven and one-half (7.5) years of contributory service as of June 30, 2016.

13.    Named Plaintiffs Bockhold and Rose bring this as a class action pursuant to Tenn. R. Civ. P. 23.01-.02 on behalf of themselves and as representatives of a subclass of all Memphis Division of Police Services employees with less than seven and one-half (7.5) years of contributory service as of June 30, 2016.

14.    Named Plaintiffs Livingston, Doyle, and Myers bring this as a class action pursuant to Tenn. R. Civ. P. 23.01-.02 on behalf of themselves and as representatives of a subclass of all City general employees with less than seven and one-half (7.5) years of contributory service as of June 30, 2016.

15.    The City of Memphis is a municipal corporation of the State of Tennessee (hereinafter "the City"). The Memphis City Council (hereinafter "the Council") is the legislative

governing body of the City. The City can be served with process on its City Attorney, Herman

Morris, whose office is at City Hall, 125 North Main Street, Room 336, Memphis, TN 38103.

16.     The Board of Administration of the City of Memphis Retirement System

(hereinafter, "the Board") was created and established pursuant to §§ 53 through 53.4 of the

Charter of the City of Memphis and § 25-2 of the Memphis City Code. The Board is tasked with

administration of the City of Memphis Retirement System for General Employees (which

includes fire fighters and police officers) and enforcement of the Memphis City Code provisions

governing the System, §§ 25-1 through 25-200 of the City Code. It can be served with process on

the City Attorney, Herman Morris, whose office is at City Hall, 125 North Main Street, Room

336, Memphis, TN 38103.

## FACTS

17.     The City of Memphis Retirement System for General Employees ("Pension

System") is an employee benefit system that was established by law to provide retirement and

disability benefits to general employees, fire fighters, and police officers employed by the City of

Memphis.

18.     The money paid into the Pension System is held in a trust fund pursuant to § 25-

30 of the Memphis City Code.

19.     Until the Defendants' passage of Ordinance 5573 (hereinafter "the Ordinance") in

2014, the Pension System included two pension plans: one for employees hired on or after

October 1, 1948 and before July 1, 1978 ("the 1948 Plan") and one for employees hired on or

after July 1, 1978 ("the 1978 Plan").

20.     Both the 1948 Plan and the 1978 Plan are mandatory, contributory, defined

benefit pension plans. Under these Plans, the Retirement System requires participants to

4

contribute a statutorily-set percentage of each member's annual salary. In exchange, participants

are promised and paid a fixed retirement allowance upon reaching certain statutorily defined age

and service requirements. The participants' retirement benefits are not reliant upon investment

returns.

21.    Named Plaintiffs and the classes they seek to represent are currently contributing

participants of the 1978 Plan.

22.    General employee participants of the 1978 plan are required to contribute eight

(8) percent of each year's compensation to the Retirement System. Fire fighter and police

participants of the 1978 plan, depending on their date of hire, are required to contribute between

six and one-quarter (6.25) and eight (8) percent of each year's compensation.

23.    For participants in the 1978 plan hired before July 1, 2012, retirement benefits are

set by a calculation which is partially based on the annual monthly compensation of the

employee's highest five years of consecutive service. For employees hired after July 1, 2012, the

retirement benefits are set by a calculation based on the employees' highest three years of

consecutive service.

24.    Participants in the 1978 plan receive a monthly benefit equal to their average

monthly compensation multiplied by a set percentage multiplier for each year of contributory

service. Participants hired before July 1, 2012 receive 2.25 percent for all years of contributory

service prior to January 1, 1990 and 2.5 percent for all years of contributory service after that

date, with an additional 1 percent for any years of contributory service over 25. Participants hired

after July 1, 2012 receive 2.25 percent for all years of contributory service, plus an additional 1

percent for years of contributory service over 25.

25.     The Named Plaintiffs, and the classes they seek to represent, performed services for the City and made contributions in the amounts required by the terms of the 1978 Plan. The Named Plaintiffs have accrued rights in those contributions.

26.     Upon information and belief, many members of the classes Named Plaintiffs seek to represent accepted employment with the City in reliance upon the City's promises that its employees would receive the pension benefits provided by the 1978 Plan. In fact, the City advertised its retirement benefits in recruiting materials.

27.     Pursuant to Memphis City Code § 25-1(30), participants in the Retirement System are eligible to receive a retirement allowance once they attain ten (10) years of contributory service. These participants are thereby "vested" and entitled to the benefits of retirement upon reaching the standards for retirement. Named Plaintiffs and the classes they seek to represent have not yet vested in the 1978 Plan.

28.     On December 16, 2014, the Defendants enacted the Ordinance, which created a new cash balance plan and a mandatory defined contribution plan, known as the "2016 Plan," which will become effective on July 1, 2016.

29.     The Ordinance applies not only to newly-hired employees, but to all employees with less than seven and one-half (7.5) years of contributory service as of June 30, 2016, including Named Plaintiffs. These employees are titled "Transferred Participants" in the Ordinance because on June 30, 2016, they will be mandatorily transferred from the defined benefit 1978 Plan to the hybrid cash balance/defined-contribution 2016 Plan.

30.     The Ordinance and the transfer to the 2016 Plan will substantially alter the standards for retirement for Named Plaintiffs and the classes of City employees they seek to represent, to their significant injury.

6

31.    Under the 2016 Plan, the Named Plaintiffs and the classes they seek to represent
will have to contribute two percent of their annual compensation to the cash balance plan. The
City's contributions to the cash balance plan are set by a sliding scale based on years of
contributory service.

32.    Under the 2016 Plan, the Named Plaintiffs and the classes they seek to represent
will also have to contribute six percent of their annual compensation to the defined contribution
plan. The City will contribute 1.5 percent to the defined contribution plan. Participants can direct
how their own defined contribution account is to be invested.

33.    Under the 2016 Plan as set forth by the Ordinance, unlike the set defined benefits
of the 1978 Plan, the Plaintiffs' retirement benefits will be determined by the actuarial value of
the combination of their cash balance and defined contribution plans.

34.    As a result of the Ordinance, the Named Plaintiffs and the classes they seek to
represent will no longer have the guaranteed retirement benefits the City previously promised to
them, but instead will be dependent upon the value of the investments of the contributions to
their retirement accounts.

35.    Participants in defined contribution plans such as the 2016 Plan earn lower
investment returns and are charged higher fees than participants in defined benefit plans. This
has the significant effect of lowering participants' total retirement benefits. *See* Monique
Morrissey, *Misdirected impulse to shift from DB plans*, PENSIONS & INVESTMENTS, Jan. 20,
2014, http://www.pionline.com/article/20140120/PRINT/301209995/misdirected-impulse-to-
shift-from-db-plans.

36.    Named Plaintiffs and the classes they seek to represent will be harmed by the
involuntary transfer from the defined benefit 1978 Plan to the defined contribution 2016 Plan.

7

37.    As a result of the pension cuts made by the Ordinance and the City's broken
promises, over 250 City police officers and fire fighters have resigned to seek employment
elsewhere. *See* Timothy W. Martin, *Pension Fight Comes to a Head in Memphis*, WALL ST. J.,
March 15, 2015, http://www.wsj.com/articles/pension-fight-comes-to-a-head-in-memphis-
1426460705.

38.    The changes made to the Plaintiffs' retirement benefits by the Defendants were
neither reasonable nor necessary to protect or enhance the actuarial soundness of the Pension
System, despite Defendants' claims to the contrary.

39.    According to the Valuation Report provided to the City by its actuaries at
PricewaterhouseCoopers LLC, the Pension System was 86.4 percent funded (using the market
value of assets) as of July 1, 2014, and that its funded status had improved the past three years.
The Pension System was 78.7 percent funded using the actuarial value of assets. In 2013,
according to PricewaterhouseCoopers, the Pension System was 78.7 percent funded using market
value and 72.6 percent funded using actuarial value.

40.    This funding ratio was above average for municipal pension plans in the state of
Tennessee, according to the Wilshire Consulting 2014 Report on State Retirement Systems. This
funding ratio was also higher than the average funding ratio of the pension systems of the 25
cities with the highest populations, according to a 2013 report by Morningstar, Inc. In fact,
Morningstar considers a funding ratio of 70 percent or above to be "fiscally sound."

41.    The City had many options more reasonable than the changes made by the
Ordinance which would not impair the accrued rights of the Named Plaintiffs.

42.    Segal Consulting, which was hired by the Council to review the City's Pension
System, stated that the City will see only minimal financial savings from involuntarily

8

transferring employees with less than 7.5 years of contributory service, such as Named Plaintiffs—who have some accrued rights in the 1978 Plan—to the 2016 Plan, rather than simply applying the 2016 Plan to new hires.

43.    Therefore, the City could have applied the 2016 Plan to new hires only— protecting the accrued rights of the Plaintiffs—without actuarially significant financial harm to the City.

44.    Furthermore, because the involuntary transfer of the Plaintiffs to the 2016 Plan will not provide actuarially significant financial savings for the City, the Defendants cannot articulate a legitimate and non-discriminatory state interest for their arbitrary decision to set the transfer point at employees with less than 7.5 years of contributory service.

45.    The City's contributions to the Pension System are significantly lower than those of the seven similarly-sized regional cities to which the City routinely compares itself. Every other city more than doubles the size of the City's Pension System contributions. Of the Top 25 cities in the nation by population, the City's contributions as a percentage of general fund spending are the smallest, at 3.1 percent. In fact, the City contributes six percent of payroll to the Pension System, which is lower than the 6.2 percent contribution required of employers enrolled in Social Security.

46.    The City's contributions have also been far below what was recommended by their actuaries. Between 2010 and 2012, the City's contributions were less than 25 percent of their actuarially required contribution ("ARC"), well below the norm for its peer cities.

47.    In addition to the low employer contributions, upon information and belief, the City used actuarial assumptions and techniques in order to make the defined benefit plans of the Pension System look more expensive. For example, the City's actuaries used a higher rate of

9

salary growth than had been experienced and a lower rate of return than the norm. Changes such as these dramatically inflate the ARC, making the Pension System look more underfunded than it is in reality.

48.     After years of willfully failing to contribute to the Pension System as required, the City decided to use non-standard actuarial determinations to claim that the Pension System was underfunded. The City then used this underfunding as an excuse to cut the benefits of hard-working City employees—who have continued to contribute their fair share, unlike the City.

49.     The City also failed to take advantage of any of the potential solutions provided by the State of Tennessee as part of the Public Employee Defined Benefit Financial Security Act of 2014, Tenn. Code Ann. § 9-3-501 *et seq.*, ("the Act"). The purpose of this Act is to ensure the fiscal stability of public defined benefit pension plans.

50.     The Act states that municipalities that are struggling to pay their actuarially determined contribution ("ADC") may submit a plan of correction to the state treasurer for consideration. Tenn. Code Ann. § 9-3-505(c). The City failed to submit such a plan, instead choosing to drastically reduce the Plaintiffs' retirement benefits.

51.     The Act also provides that a municipality with any funding level may choose to have the Tennessee Consolidated Retirement System ("TCRS") administer its pension plan. Tenn. Code Ann. § 9-3-507(c)(2). TCRS was named the Large Public Pension Plan of the Year in 2013 by the publication Money Management Intelligence. The City did not transfer administration of its Pension System to TCRS.

52.     Therefore, the City failed to take advantage of the reasonable options provided by the Public Employee Defined Benefit Financial Security Act of 2014, instead choosing to punish its employees, such as the Named Plaintiffs, by cutting their benefits.

10

## CLASS ACTION ALLEGATIONS

53.    Named Plaintiffs bring this action pursuant to Tenn. R. Civ. P. 23.01-.02 on

behalf of themselves and respective classes of similarly situated individuals.

54.    Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy, and

superiority requirements of a class action.

55.    The class identified in paragraph 11 satisfies the numerosity standards. On

information and belief, the class is believed to number in the hundreds. As a result, joinder of all

class members in a single action is impractical. Class members may be informed of this class

action through direct mail.

56.    There are questions of fact and law common to each class that predominate over

any questions affecting only individual members. The questions of law and fact common to each

class arising from Defendants' actions include, without limitation, the following:

> a.   Whether Defendants violated the "reasonable" and "necessary" rule set
>
> forth in *Blackwell v. Quarterly County Court of Shelby County* by enacting
>
> the Ordinance;
>
> b.   Whether the changes made by the Ordinance are reasonable or necessary
>
> to protect the actuarial soundness of the Pension System;
>
> c.   Whether involuntary transferring Plaintiffs to the 2016 Plan violates their
>
> accrued rights in the 1978 Plan;
>
> d.   Whether the Defendants arbitrarily and irrationally distinguished between
>
> Plaintiffs and other non-vested City employees;

11

e.  Whether the Defendant Board breached its fiduciary duties towards the
Plaintiffs;

f.  Whether the Defendant Board violated § 25-18 of the Memphis City
Code; and

g.  Whether declaratory relief and corresponding injunctive relief as to the
class as a whole is appropriate.

57.    The questions set forth above predominate over any questions affecting only
individual persons, and a class action is superior with respect to considerations of consistency,
economy, efficiency, fairness, and equity, to other available methods for the fair and efficient
adjudication of these claims.

58.    The claims of the Named Plaintiffs identified in paragraphs 4 through 10 are
typical of those of their respective subclass in that class members have been employed in similar
positions as the Named Plaintiffs and suffered the same or similar unlawful modifications to their
retirement benefits as the Named Plaintiffs.

59.    A class action is the appropriate method for the fair and efficient adjudication of
Plaintiffs' claims. Defendants have acted or refused to act on grounds generally applicable to the
class. The presentation of separate actions by individual class members could create a risk of
inconsistent and varying adjudications, establish incompatible standards of conduct for
Defendants, and/or substantially impair or impede the ability of class members to protect their
interests.

60.    The Named Plaintiffs are adequate representatives of the class because they are
members of the class and their interests do not conflict with the interests of the members of the
class they seek to represent. The interests of the members of the class will be fairly and

12

adequately protected by the Named Plaintiffs and their undersigned counsel, who have extensive experience prosecuting complex pension and class action lawsuits.

61.     Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of each class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine, with judicial economy, the rights of all class members.

COUNT 1: DECLARATORY JUDGMENT

62.     Plaintiffs adopt by reference herein, paragraphs 1 through and including paragraph 61 of this Complaint.

63.     The Tennessee Supreme Court held in *Blackwell v. Quarterly County Court of Shelby County*, 622 S.W.2d 535 (Tenn. 1981), that "[a]t some point after an employee has performed services or has paid into a pension and retirement plan, he acquires fixed and immutable rights in the system." *Id*. at 540. The *Blackwell* court also stated that "no then accrued or vested rights of members" may be impaired by changes to a pension system. Because of these rights, the *Blackwell* court held that modifications to pension benefits of employees who have not yet vested are permitted only if the changes are "reasonable" and "necessary to protect or enhance actuarial soundness of the plan." *Id*. at 543.

64.     Named Plaintiffs have performed services for the City and made contributions to the 1978 Plan, thereby accruing established rights.

65.     The changes the Defendants seek to implement in Ordinance 5573 are neither reasonable nor necessary to protect the actuarial soundness of the plan.

13

66.     The changes the Defendants seek to implement in Ordinance 5573 will harm the accrued rights and benefits of the Plaintiffs.

67.     Plaintiffs have no adequate remedy at law.

68.     Therefore, pursuant to Tenn. Code Ann. §§ 29-14-102 and -103, Plaintiffs seek a declaratory judgment from this Court that Ordinance 5573 is void because it violates the "reasonable" and "necessary" rule set forth by the Tennessee Supreme Court with regard to changes to pension benefits.

COUNT 2: INJUNCTIVE RELIEF

69.     Plaintiffs adopt by reference herein, paragraphs 1 through and including paragraph 68 of this Complaint.

70.     Because Ordinance 5573 violates the "reasonable" and "necessary" rule of *Blackwell*, Plaintiffs are entitled to a temporary and permanent injunction, enjoining all Defendants from enforcing Ordinance 5573 and involuntarily transferring Named Plaintiffs and their respective classes from the 1978 Plan to the 2016 Plan.

71.     Injunctive relief pursuant to Tennessee Rule of Civil Procedure 65 is granted "if it is clearly shown . . . that the movant's rights are being or will be violated by an adverse party and the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the adverse party will tend to render such final judgment ineffectual." Tenn. R. Civ. P. 65.04. Named Plaintiffs and the classes they seek to represent will suffer immediate and irreparable injury, in the form of significant reduction in their retirement rights and benefits, if the Defendants are not enjoined from enforcing the provisions of Ordinance 5573.

72.     Accordingly, Plaintiffs seek injunctive relief enjoining Defendants from implementing and enforcing Ordinance 5573.

## COUNT 3: EQUAL PROTECTION

73.     Plaintiffs adopt by reference herein, paragraphs 1 through and including paragraph 72 of this Complaint.

74.     Article I, Section 8 and Article XI, Section 8 of the Tennessee Constitution guarantee to citizens the equal protection of the law.

75.     Plaintiffs are similarly situated to other City employees who are not vested in the Pension System but who have greater than 7.5 years of contributory service as of June 30, 2016.

76.     The Pension System has never before distinguished between those employees with less than 7.5 years of contributory service and other non-vested employees.

77.     The City is treating the Plaintiffs differently from those similarly situated City employees because they are being mandatorily and involuntarily transferred to the 2016 Plan, resulting in a significant reduction in their retirement rights and benefits, while the other non-vested City employees are permitted to stay in the more beneficial 1978 Plan.

78.     The Ordinance's differential treatment of Named Plaintiffs and the classes they seek to represent, as detailed above, violates the equal protection guarantee of the Tennessee Constitution, because this differential treatment is arbitrary and not justified by legitimate state interests.

## COUNT 4: PROMISSORY ESTOPPEL

79.     Plaintiffs adopt by reference herein, paragraphs 1 through and including paragraph 78 of this Complaint.

80.     By the aforesaid actions, Defendants have made promises to the Plaintiffs, upon which the Plaintiffs reasonably relied to their economic detriment.

81.     Plaintiffs have been and will continue to be damaged by the reliance upon these promises, which was foreseeably induced by the Defendants.

## COUNT 5: BREACH OF FIDUCIARY DUTY

82.     Plaintiffs adopt by reference herein, paragraphs 1 through and including paragraph 81 of this Complaint.

83.     A fiduciary duty exists between Defendant Board and the Named Plaintiffs and the classes they seek to represent.

84.     Pursuant to Tenn. Code Ann. § 35-15-802, the Defendant Board has a duty to administer the Pension System solely in the interests of its beneficiaries, including the Named Plaintiffs and the classes they seek to represent.

85.     Pursuant to Tenn. Code Ann. § 35-15-803, the Defendant Board has a duty to "act impartially in investing, managing, and distributing the trust property" of the Pension System between groups of beneficiaries.

86.     The Defendant Board breached its duty or duties when it allowed the Named Plaintiffs and the classes they seek to represent to be transferred from the 1978 Plan to the 2016 Plan, resulting in a significant reduction in their retirement rights and benefits. This involuntary and mandatory transfer will benefit the City of Memphis and not the beneficiary Plaintiffs. The Defendant Board also breached its duty by failing to act impartially by favoring those non-vested City employees with more than 7.5 years of contributory service over the Plaintiffs.

87.     The Named Plaintiffs and the classes they seek to represent have been damaged as a result of these breaches of fiduciary duty.

16

## COUNT 6: VIOLATION OF MEMPHIS CITY CODE § 25-18

88.    Plaintiffs adopt by reference herein, paragraphs 1 through and including paragraph 87 of this Complaint.

89.    Section 25-18 of the Memphis City Code states that "[t]he Board shall act … or cause such action with respect to any plan benefits or any other matter under the powers of the board under this plan in a uniform and nondiscriminatory manner toward all participants and employees under substantially similar sets of facts and shall not permit discrimination….".

90.    The involuntary transfer of Plaintiffs to the 2016 Plan is arbitrary and discriminatory.

91.    Defendant Board has violated this provision because it has not acted in a uniform and nondiscriminatory manner toward all participants; specifically, the Named Plaintiffs and the classes they seek to represent are being treated in a nonuniform and discriminatory manner as compared to those employees who have not yet vested but who have more than 7.5 years of contributory service with the City.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs pray that this Court:

   a.    Issue declaratory judgment declaring that Ordinance 5573 is void because it violates the rule set forth by the Tennessee Supreme Court in *Blackwell v. Quarterly County Court of Shelby County*, 622 S.W.2d 535 (Tenn. 1981), that any modifications to a pension plan for employees who have paid into the system

must be "reasonable" and "necessary to protect or enhance actuarial soundness of the plan."

b.    Issue declaratory judgment declaring that Ordinance 5573 violates the equal protection guarantee of the Tennessee Constitution;

c.    Issue equitable relief including, but not limited to, a temporary and permanent injunction restraining and prohibiting the Defendants from relying upon or applying the provisions of the Ordinance to current employees, including those employees with less than seven and one-half years of contributory service on or before June 30, 2016, and to restore and make whole all retirement benefits diminished by application thereof;

d.    Find that the Defendant Board has breached its fiduciary duties to the Plaintiffs and violated Section 25-18 of the Memphis City Code;

e.    Restore and make whole any and all retirement benefits that have been diminished by the enactment of the Ordinance;

f.    Award Plaintiffs their attorneys' fees and the costs of this suit;

g.    Award such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

Megan K. Mechak, D.C. Bar No. 986687
(*pro hac vice pending*)
Sara A. Conrath, D.C. Bar No. 1022461
(*pro hac vice pending*)
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W., Suite 1000
Washington, D.C. 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090

mkm@wmlaborlaw.com
sac@wmlaborlaw.com

Deborah Godwin, TN Bar No. 9972
Timothy Taylor, TN Bar No. 015682
Godwin, Morris, Laurenzi & Bloomfield, P.C.
50 N. Front Street, Suite 800
Memphis, TN 38103
Telephone: (901) 528-1702
Facsimile: (901) 528-0246
dgodwin@gmlblaw.com
ttaylor@gmlblaw.com

19

**Terri Norman**

| | |
|---|---|
| **From:** | efile@shelbycountytn.gov |
| **Sent:** | Thursday, November 12, 2015 3:01 PM |
| **To:** | Deborah Godwin |
| **Cc:** | Terri Norman |
| **Subject:** | Courtesy NEF RE: CT-004693-15 |

****** IMPORTANT NOTICE - READ THIS INFORMATION ******
NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** CT-004693-15

**Judge:**                                          Judge HONORABLE RHYNETTE HURD - Division 30CV

| | |
|---|---|
| **Official File Stamp:** | 11-12-2015:14:54:08 |
| **Notification Date:** | 11-12-2015:15:00:34 |
| **Court:** | CIRCUIT COURT |
| **Case Title:** | HUNTER SMITH VS THE CITY OF MEMPHIS |
| **Document(s) Submitted:** | MOTION FILED For Admission Pro Hac Vice |
| **Filed by or in behalf of:** | Deborah Godwin |

This notice was automatically generated by the courts auto-notification system.

**The following people were notified electronically:**

DEBORAH GODWIN

TIMOTHY TAYLOR

**The following people have NOT been notified electronically by the Court.:**

STEPHEN DOYLE

THE CITY OF MEMPHIS

DIVISION FIVE

BOARD OF ADMINISTRATION OF THE CITY OF MEMPHIS RET

HUNTER SMITH

ADRIAN MCCREIGHT

ROGER LIVINGSTON

PATRICK ROSE

LEONARD BOCKHOLD

**IN THE CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH
JUDICIAL DISTRICT AT MEMPHIS**

HUNTER SMITH, ADRIAN
MCCREIGHT, LEONARD
BOCKHOLD, PATRICK ROSE,
ROGER LIVINGSTON, and STEPHEN
DOYLE, on behalf of themselves and
others similarly situated,

      Case No. *CT-004693-15*

      Plaintiffs,

v.

THE CITY OF MEMPHIS, by and
through the MEMPHIS CITY
COUNCIL, and the BOARD OF
ADMINISTRATION OF THE CITY OF
MEMPHIS RETIREMENT SYSTEM,

      Defendants.



**MOTION FOR ADMISSION *PRO HAC VICE***

      Pursuant to Tennessee Supreme Court Rule 19, Plaintiffs Hunter Smith, Adrian
McCreight, Leonard Bockhold, Patrick Rose, Roger Livingston, and Stephen Doyle,
respectfully move for the admission *pro hac vice* of Sara A. Conrath to appear and
participate as counsel in this case for the Plaintiffs.

      Ms. Conrath has attached the required affidavit and certificate of good standing in
support of this motion.

      WHEREFORE, the Plaintiffs respectfully request Sara A. Conrath be admitted
pro hac vice to appear on behalf of and act as counsel for Plaintiffs in this case.

October 29, 2015

                                 Sara A. Conrath
                                 WOODLEY & McGILLIVARY LLP
                                 1101 Vermont Ave., N.W., Suite 1000
                                 Washington, D.C. 20005
                                 Telephone: (202) 833-8855
                                 Facsimile: (202) 452-1090
                                 mkm@wmlaborlaw.com

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH DISTRICT AT MEMPHIS

HUNTER SMITH, ADRIAN McCREIGHT,  )
LEONARD BOCKHOLD, PATRICK      )
ROSE, ROGER LIVINGSTON, and      )
STEPHEN DOYLE,                   )
                             )
      Plaintiffs,              )
                             )
v.                             )
                             )
The CITY OF MEMPHIS, the MEMPHIS  )
CITY COUNCIL, and the BOARD OF    )
ADMINISTRATION OF THE CITY OF   )
MEMPHIS RETIREMENT SYSTEM,    )
                             )
      Defendants.           )

## AFFIDAVIT OF SARA A. CONRATH

CITY OF WASHINGTON

DISTRICT OF COLUMBIA

     Before me, the undersigned, personally appeared <u>Sara Conrath</u>, (*Pro Hac Vice Applicant*) who after being duly sworn makes her oath and states as follows:

(1)    My full name is: <u>Sara Amundson Conrath</u>

       My residence address is: <u>126 11th St NE #2, Washington D.C., 20002</u>

       My firm name is: <u>Woodley & McGillivary LLP</u>

       My office address is: 1101 Vermont Ave N.W., Suite 1000 Washington D.C., 20005

       My email address is: <u>sac@wmlaborlaw.com</u>

       My telephone number is: <u>(202) 833-8855</u>

       Other jurisdictions licensed & registration/identifying numbers are:

            <u>Washington D.C. (1022461), Virginia (80249)</u>

Full name or style of case in which I seek to appear:

Hunter Smith, et al, v City of Memphis, et al.

Name of the client or clients I seek to represent:

Hunter Smith, Adrian McCrieight, Leonard Bockhold, Patrick Rose, Roger

Livingston, and Stephen Doyle.

(2)  The jurisdiction(s) in which licensed to practice law, with date(s) of admission:

Washington D.C. (03/03/15) and Virginia (11/03/2010)

Any other courts in which admitted to practice, with date(s) of admission:

Eastern District of Virginia

Statement of good standing in all other jurisdictions in which applicant is licensed to
practice law:
I am currently a member in good standing of each jurisdiction listed above.

(3) Full name or style of each case in which applicant was previously admitted or sought to be
admitted *pro hac vice* in any trial or appellate court of Tennessee within the preceding three
years, date of any such admission or the date of any such motion that was filed but not
granted, and the status of any such case in which not admitted:
N/A

(4)  Statement concerning whether the applicant lawyer has previously been denied admission
*pro hac vice* or has had an admission *pro hac vice* revoked by any court in any
jurisdiction and, if so, a full description of the circumstances, including the full name or
style of the case:
I have never previously been denied admission pro hac vice nor had any admission

revoked in my jurisdiction.

(5)  Statement concerning whether the applicant lawyer has ever been disciplined or
sanctioned by the Board of Professional Responsibility of the Supreme Court of
Tennessee, by any similar lawyer disciplinary agency in any jurisdiction, or by any similar
lawyer disciplinary authority and, if so, a full description of the circumstances, including
the full name or style of the matter:
I have never been disciplined or sanctioned by the Board of Professional

Responsibility of the Supreme Court of Tennessee, by an similar lawyer disciplinary

agency in any jurisdiction, or by any similar disciplinary authority.

(6)    Statement concerning whether any disciplinary action or investigation concerning the
applicant lawyer's conduct is pending before the Board of Professional Responsibility of
the Supreme Court of Tennessee, before any similar lawyer disciplinary agency in any
jurisdiction, or before any similar lawyer disciplinary authority and, if so, a full
description of the circumstances, including the full name or style of the matter:
    There is no disciplinary action or investigation concerning my conduct pending

before the Board of Professional Responsibility of the Supreme Court of Tennessee,

before any similar lawyer disciplinary agency in any jurisdiction, on or before any similar

lawyer disciplinary authority.

(7)    Statement that the applicant lawyer is familiar with the Tennessee Rules of Professional
Conduct and the rules governing the proceedings of the court before which the lawyer
seeks to practice:
    I am familiar with the Tennessee Rules of Professional Conduct and the rules

governing the proceedings before the court in which I seek to practice.

(8)    Statement that the applicant lawyer consents to the disciplinary jurisdiction of the Board
of Professional Responsibility of the Supreme Court of Tennessee and the courts of
Tennessee in any matter arising out of the lawyer's conduct in the proceeding and that the
lawyer agrees to be bound by the Tennessee Rules of Professional Conduct and any other
rules of conduct applicable to lawyers generally admitted in Tennessee:
    I consent to the disciplinary jurisdiction of the Board of Professional
Responsibility of the

Supreme Court of Tennessee and the courts of Tennessee in any matter arising out of my

conduct in the proceeding. I further agree to be bound by the Tennessee Rules of

Professional Conduct and any other rules of conduct applicable to lawyers generally
admitted in Tennessee.

(9)    Tennessee lawyer with whom the applicant lawyer is associated:

Name: Deborah Godwin

Address: 50 N Front St STE 80, Memphis, TN, 38103

Telephone No.: (901) 236-0578                    BPR No: 009972

(10)   Statement that the applicant lawyer has paid all fees required by this Rule in connection
with the motion for admission:
   <u>I have paid all fees required by this Rule in connection with motion for admission.</u>

(11)   Statement indicating service of the *pro hac vice* motion and all associated papers upon all
counsel of record in the proceeding and upon the Board of Professional Responsibility of
the Supreme Court of Tennessee:
   <u>I have served the *pro hac vice* motion and all associated papers upon counsel of</u>

<u>record in the proceeding and upon the Board of Professional Responsibility of the</u>

<u>Supreme Court of Tennessee.</u>

(13)   A certificate of good standing from the court of last resort of the licensing jurisdiction in
which the applicant principally practices, or resides, is <u>attached as an Exhibit</u> to this
affidavit and incorporated herein.

I declare under penalty of perjury that the foregoing is true and correct.

_Pro Hac Vice_ Applicant

Sworn to and subscribed before me this _16th_ day of _October_, 20 _15_.

Notary Public

My commission expires: _____

Lennie L. Noblezada
Notary Public, District of Columbia
My Commission Expires 11/14/2015



**District of Columbia Court of Appeals**
Committee on Admissions
430 E Street, N.W. — Room 123
Washington, D. C. 20001
202 / 879-2710

I, *JULIO A. CASTILLO, Clerk of the District of Columbia Court*

*of Appeals, do hereby certify that*

## SARA AMUNDSON CONRATH

*was on*   **MARCH 13, 2015**   *duly qualified and admitted as an*

*attorney and counselor entitled to practice before this Court and is,*

*on the date indicated below, an active member in good standing of*

*this Bar.*

In Testimony Whereof, I have
hereunto subscribed my name
and affixed the seal of this Court
at the City of Washington, D.C.
on *October 22, 2015*.

JULIO A. CASTILLO
Clerk of the Court

By: _____
Deputy Clerk

## Terri Norman

| | |
|---|---|
| **From:** | efile@shelbycountytn.gov |
| **Sent:** | Thursday, November 12, 2015 3:00 PM |
| **To:** | Deborah Godwin |
| **Cc:** | Terri Norman |
| **Subject:** | Courtesy NEF RE: CT-004693-15 |

*RECEIVED*
*R-12-15A03:35 DCVD*
*NOV 1 2 2015*
*CITY ATTORNEY'S OFFICE*

****** IMPORTANT NOTICE - READ THIS INFORMATION ******
NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** CT-004693-15

**Judge:**                    Judge HONORABLE RHYNETTE HURD - Division 30CV

| | |
|---|---|
| **Official File Stamp:** | 11-12-2015:14:52:27 |
| **Notification Date:** | 11-12-2015:14:59:56 |
| **Court:** | CIRCUIT COURT |
| **Case Title:** | HUNTER SMITH VS THE CITY OF MEMPHIS |
| **Document(s) Submitted:** | MOTION FILED For Admission Pro Hac Vice |
| **Filed by or in behalf of:** | Deborah Godwin |

This notice was automatically generated by the courts auto-notification system.

**The following people were notified electronically:**

      DEBORAH GODWIN

      TIMOTHY TAYLOR

**The following people have NOT been notified electronically by the Court.:**

      STEPHEN DOYLE

      THE CITY OF MEMPHIS

      DIVISION FIVE

      BOARD OF ADMINISTRATION OF THE CITY OF MEMPHIS RET

      HUNTER SMITH

      ADRIAN MCCREIGHT

      ROGER LIVINGSTON

      PATRICK ROSE

      LEONARD BOCKHOLD

1

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH
## JUDICIAL DISTRICT AT MEMPHIS

HUNTER SMITH, ADRIAN
MCCREIGHT, LEONARD
BOCKHOLD, PATRICK ROSE,
ROGER LIVINGSTON, and STEPHEN
DOYLE, on behalf of themselves and         Case No. CT-004693-15
others similarly situated,

     Plaintiffs,

v.

THE CITY OF MEMPHIS, by and
through the MEMPHIS CITY
COUNCIL, and the BOARD OF
ADMINISTRATION OF THE CITY OF
MEMPHIS RETIREMENT SYSTEM,

     Defendants.



### MOTION FOR ADMISSION *PRO HAC VICE*

     Pursuant to Tennessee Supreme Court Rule 19, Plaintiffs Hunter Smith, Adrian
McCreight, Leonard Bockhold, Patrick Rose, Roger Livingston, and Stephen Doyle,
respectfully move for the admission *pro hac vice* of Megan K. Mechak to appear and
participate as counsel in this case for the Plaintiffs.

     Ms. Mechak has attached the required affidavit and certificate of good standing in
support of this motion.

     WHEREFORE, the Plaintiffs respectfully request Megan K. Mechak be admitted
pro hac vice to appear on behalf of and act as counsel for Plaintiffs in this case.

October 29, 2015

*Megan K. Mechak*

Megan K. Mechak
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W., Suite 1000
Washington, D.C. 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090
mkm@wmlaborlaw.com

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH DISTRICT AT MEMPHIS

HUNTER SMITH, ADRIAN McCREIGHT,    )
LEONARD BOCKHOLD, PATRICK    )
ROSE, ROGER LIVINGSTON, and    )
STEPHEN DOYLE,    )
     )
       Plaintiffs,    )
     )
     )
v.    )
     )
The CITY OF MEMPHIS, the MEMPHIS    )
CITY COUNCIL, and the BOARD OF    )
ADMINISTRATION OF THE CITY OF    )
MEMPHIS RETIREMENT SYSTEM,    )
     )
       Defendants.    )

## AFFIDAVIT OF MEGAN K. MECHAK

CITY OF WASHINGTON

DISTRICT OF COLUMBIA

      Before me, the undersigned, personally appeared Megan Mechak, (*Pro Hac Vice Applicant*) who after being duly sworn makes her oath and states as follows:

(1)    My full name is: Megan Kathleen Mechak

      My residence address is: 24 Court Ridge Road Unit B, Greenbelt, MD 20770

      My firm name is: Woodley & McGillivary LLP

      My office address is: 1101 Vermont Ave N.W., Suite 1000 Washington D.C., 20005

      My email address is: mkm@wmlaborlaw.com

      My telephone number is: (202) 833-8855

      Other jurisdictions licensed & registration/identifying numbers are:

          Washington, DC (Bar No. 986687); Maryland (No bar/identifying number)

Full name or style of case in which I seek to appear:

    Hunter Smith, et al, v City of Memphis, et al.

Name of the client or clients I seek to represent:

    Hunter Smith, Adrian McCrieight, Leonard Bockhold, Patrick Rose, Roger

    Livingston, and Stephen Doyle.

(2)    The jurisdiction(s) in which licensed to practice law, with date(s) of admission:

    Washington D.C. (Bar No. 986687) (3/6/09);Maryland (No bar number)

    (12/17/03)

Any other courts in which admitted to practice, with date(s) of admission:

    District Court for the District of Maryland (10/08/2004), Court of Federal Claims

    (06/28/2012), District Court for the District of Colorado (01/15/2015), Sixth

    Circuit Court of Appeals (09/21/2009), Fourth Circuit Court of Appeals

    (06/28/2012)

Statement of good standing in all other jurisdictions in which applicant is licensed to practice law:

    I am currently a member in good standing of each jurisdiction listed above.

(3) Full name or style of each case in which applicant was previously admitted or sought to be admitted *pro hac vice* in any trial or appellate court of Tennessee within the preceding three years, date of any such admission or the date of any such motion that was filed but not granted, and the status of any such case in which not admitted:

    I have not been admitted, or sought to be admitted, *pro hac* vice in any trial or appellate court of Tennessee within the preceding three years.

2

(4)    Statement concerning whether the applicant lawyer has previously been denied admission *pro hac vice* or has had an admission *pro hac vice* revoked by any court in any jurisdiction and, if so, a full description of the circumstances, including the full name or style of the case:

I have never previously been denied admission *pro hac vice* nor had any admission revoked in any jurisdiction.

(5)    Statement concerning whether the applicant lawyer has ever been disciplined or sanctioned by the Board of Professional Responsibility of the Supreme Court of Tennessee, by any similar lawyer disciplinary agency in any jurisdiction, or by any similar lawyer disciplinary authority and, if so, a full description of the circumstances, including the full name or style of the matter:

I have never been disciplined or sanctioned by the Board of Professional Responsibility of the Supreme Court of Tennessee, by any similar lawyer disciplinary agency in any jurisdiction, or by any similar disciplinary authority.

(6)    Statement concerning whether any disciplinary action or investigation concerning the applicant lawyer's conduct is pending before the Board of Professional Responsibility of the Supreme Court of Tennessee, before any similar lawyer disciplinary agency in any jurisdiction, or before any similar lawyer disciplinary authority and, if so, a full description of the circumstances, including the full name or style of the matter:

There is no disciplinary action or investigation concerning my conduct pending before the Board of Professional Responsibility of the Supreme Court of Tennessee, before any similar lawyer disciplinary agency in any jurisdiction, on or before any similar lawyer disciplinary authority.

(7)    Statement that the applicant lawyer is familiar with the Tennessee Rules of Professional Conduct and the rules governing the proceedings of the court before which the lawyer seeks to practice:

I am familiar with the Tennessee Rules of Professional Conduct and the rules governing the proceedings before the court in which I seek to practice.

(8)    Statement that the applicant lawyer consents to the disciplinary jurisdiction of the Board of Professional Responsibility of the Supreme Court of Tennessee and the courts of Tennessee in any matter arising out of the lawyer's conduct in the proceeding and that the lawyer agrees to be bound by the Tennessee Rules of Professional Conduct and any other rules of conduct applicable to lawyers generally admitted in Tennessee:

I consent to the disciplinary jurisdiction of the Board of Professional Responsibility of the Supreme Court of Tennessee and the courts of Tennessee in any matter arising out of my conduct in the proceeding. I further agree to be bound by the Tennessee Rules of

Professional Conduct and any other rules of conduct applicable to lawyers generally admitted in Tennessee.

(9)    Tennessee lawyer with whom the applicant lawyer is associated:

Name: Deborah Godwin

Address: 50 N Front Street, Suite 80, Memphis, TN, 38103

Telephone No.: (901) 236-0578          TN BPR No.: 009972

(10)    Statement that the applicant lawyer has paid all fees required by this Rule in connection with the motion for admission:

I have paid all fees required by this Rule in connection with motion for admission.

(11)    Statement indicating service of the *pro hac vice* motion and all associated papers upon all counsel of record in the proceeding and upon the Board of Professional Responsibility of the Supreme Court of Tennessee:

I have served the *pro hac vice* motion and all associated papers upon counsel of record in the proceeding and upon the Board of Professional Responsibility of the Supreme Court of Tennessee.

(13)    A certificate of good standing from the court of last resort of the licensing jurisdiction in which the applicant principally practices, or resides, is attached as an Exhibit to this affidavit and incorporated herein.

I declare under penalty of perjury that the foregoing is true and correct.

*Megan B. Merhak*
Pro Hac Vice Applicant

Sworn to and subscribed before me this 16th day of October, 2015.

*Lennie L. Noblezada*
Notary Public
My commission expires: _____          4

Lennie L. Noblezada
Notary Public, District of Columbia
My Commission Expires 11/14/2015



**District of Columbia Court of Appeals**
Committee on Admissions
430 E Street, N.W. — Room 123
Washington, D. C. 20001
202 / 879-2710

I, JULIO A. CASTILLO, Clerk of the District of Columbia Court

of Appeals, do hereby certify that

## MEGAN MECHAK

was on    **MARCH 6, 2009**   duly qualified and admitted as an

attorney and counselor entitled to practice before this Court and is,

on the date indicated below, an active member in good standing of

this Bar.

In Testimony Whereof, I have
hereunto subscribed my name
and affixed the seal of this Court
at the City of Washington, D.C.
on October 15, 2015.

JULIO A. CASTILLO
Clerk of the Court

By: _____
        Deputy Clerk