IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| HUNTER SMITH, ADRIAN MCCREIGHT LEONARD BOCKHOLD, PATRICK ROSE, ROGER LIVINGSTON, and STEPHEN DOYLE, on behalf of themselves and Others similarly situated, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Docket No. 2:15-cv-02741-JTF-tmp |
| THE CITY OF MEMPHIS, by and through the MEMPHIS CITY COUNCIL, and the BOARD OF ADMINISTRATION OF THE CITY OF MEMPHIS RETIREMENT SYSTEM, | ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND
AND FOR FEES AND COSTS

Plaintiffs, by and through their counsel, submit this Memorandum in support of their Motion to Remand the above-captioned case, pursuant to 28 U.S.C. § 1447(c), from the United States District Court for the Western District of Tennessee to the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. Plaintiffs further submit this Memorandum in support of their Motion for Fees and Costs because Defendants' removal to this Court was not objectively reasonable.

I. **INTRODUCTION**

On November 12, 2015, Plaintiffs filed their Complaint against Defendants in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. *See* Complaint (D.E. #1-2) (attached hereto as Exhibit 1). The Complaint seeks relief from an Ordinance passed by

Defendant City of Memphis which creates significant, adverse changes to the City's pension plan which will radically alter and reduce retirement benefits for a class of employees that will have less than seven and one-half (7.5) years of contributory service on the Ordinance's effective date.

The Complaint alleges six state law causes of action: (1) declaratory judgment; (2) injunctive relief; (3) violation of the Equal Protection guarantee of the Tennessee Constitution; (4) promissory estoppel; (5) breach of fiduciary duty; and (6) violation of Memphis City Code § 25-18. Plaintiffs' Complaint included no federal causes of action. *See* Complaint.

On November 16, 2015, Defendants removed this case to the United States District Court for the Western District of Tennessee, Western Division. *See* Notice of Removal (D.E. #1). Plaintiffs now move for remand to state court.

## II. STANDARD OF REVIEW

On a motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction. *See Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1061 (6th Cir. 2008). However, it is a well-settled premise in the Sixth Circuit that "because they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Therefore, "in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity … should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *see also Arrington v. Medtronic, Inc.*, 2014 U.S. Dist. LEXIS 184747, 9-10 (W.D. Tenn. Sept. 2, 2014) (all doubts as to whether remand is appropriate should be resolved in favor of remand).

## III. ARGUMENT

### A. The Court Must Remand the Case Because It Lacks Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). The statute governing removal of cases to federal courts states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded" 28 U.S.C. § 1447(c) (emphasis added). This Court does not have subject matter jurisdiction over this case because plaintiffs' Complaint brings Tennessee state law claims only – no federal claims.[1] Therefore, this case must be remanded.

### 1. Plaintiffs' Well-Pleaded Complaint Includes No Federal Causes of Action

Defendants allege in their Notice of Removal that this Court has original jurisdiction under 28 U.S.C. §1331 because:

> Plaintiffs have alleged that the City's actions violate Equal Protection and have pled sufficient facts to state a claim for relief under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Plaintiffs' request for relief is consistent with a Federal Equal Protection Claim, brought pursuant to 42 U.S.C. § 1983. Specifically, plaintiffs have requested an award of attorneys' fees, which is not an available remedy under the state law causes of action for declaratory judgment and injunctive relief pled by Plaintiffs.

Notice of Removal at ¶¶ 4-5.

This argument flies in the face of the "well-pleaded complaint rule," in which the Court must look only at the plaintiffs' Complaint to determine whether federal question jurisdiction exists. *See Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007) ("If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable."). Under this rule, the plaintiffs are the "master of the claim" and may have their claims heard in state court if no federal question "appear[s] on the

---

[1] Defendants only argue in their Notice of Removal that this Court has federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal at ¶¶ 4-5. As this Memorandum sets forth, there is no federal question jurisdiction in this case. Additionally, as all Plaintiffs and all Defendants are citizens of Tennessee, this Court would not have diversity jurisdiction under 28 U.S.C. § 1332.

3

face of the complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). As Defendants admit in their Notice of Removal, Plaintiffs' Complaint includes no federal causes of action. Therefore, according to the well-pleaded complaint rule, this case must be remanded.

Neither does this case fall within one of the three exceptions to the well-pleaded complaint rule: artful pleading, complete preemption, or substantial federal question. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Plaintiffs have not "artfully cast[] their essentially federal law claims as state-law claims." *Id*. In fact, the majority of Plaintiffs' claims turn on complex and unique questions of state law, namely, the interpretation of the Tennessee Supreme Court's decision in *Blackwell v. Quarterly County Court of Shelby County*, 622 S.W.2d 535 (Tenn. 1981). Nor does this case address one of the three areas of law in which the Supreme Court has found complete preemption: Section 301 of the Labor Management Relations Act, the Employee Retirement Income Security Act of 1975 (ERISA), or the National Bank Act. *See Mikulski*, 501 F.3d at 563-64. Finally, no "substantial, disputed question of federal law is a necessary element of one of [plaintiffs'] well-pleaded state claims." *See id.* at 565. To the extent that Defendants have even alleged that Plaintiffs have made a federal claim, they have only alleged that Plaintiffs' claim under the Tennessee Constitution is really a claim under the United States Constitution and 42 U.S.C. §1983. Such a claim does not fall within the narrow substantial federal question exception to the well-pleaded complaint rule.

Plaintiffs' well-pleaded Complaint includes only state law claims. Therefore, there is no federal question jurisdiction and this case must be remanded.

### 2. Defendants' Contention that Plaintiffs' Complaint Includes a Federal Constitutional Claim Is Specious

Defendants argue that the Plaintiffs' request for attorneys' fees and costs converts their equal protection claim – which was brought under the Tennessee Constitution – into a claim under 42 U.S.C. § 1983, thus creating a federal cause of action. Notice of Removal at ¶¶ 4-5. This argument is specious, and Defendants must not be permitted to rewrite Plaintiffs' Complaint. According to the well-pleaded complaint rule, there is no Section 1983 claim in this case because the Plaintiffs did not include one in their Complaint. Defendants cannot create federal jurisdiction on the basis of mere inference or implication. *See Warthman*, 549 F.3d at 1063 (defendants cannot "imply a federal claim where none was stated"). Furthermore, a request for remedies not available under state law does not create federal question jurisdiction, in spite of Defendants' arguments to the contrary. *See Woods v. City of Rutledge*, 2015 U.S. Dist. LEXIS 159392, 1-2 (E.D. Tenn. Nov. 16, 2015) (remanding case for lack of federal question jurisdiction where defendants claimed plaintiffs' requested remedies created claims under 42 U.S.C. §§ 1983 and 1988).

Finally, and importantly, Plaintiffs **have not** sought remedies that are unavailable under state law. For example, one of Plaintiffs' claims is a claim for breach of fiduciary duty, and attorneys' fees may be awarded for such claims. *See, e.g.*, *Martin v. Moore*, 109 S.W.3d 305, 313 (Tenn. Ct. App. 2003) (noting "several cases of this court support the proposition that attorney fees may be awarded against a trustee who breaches her fiduciary duty"). Therefore, Defendants' claim that Plaintiffs' fee request necessarily implies a federal cause of action in this case has no foundation whatsoever, and this case should be remanded to Circuit Court.

### B. The Court Should Award Plaintiffs' Their Attorneys' Fees and Costs Because Defendants Lacked an Objectively Reasonable Basis for Seeking Removal

The removal statute states that "an order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as the result of the removal." 28 U.S.C. § 1447(c). Such an award is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants here lacked an objectively reasonable basis to seek removal: the Plaintiffs' well-pleaded Complaint included no federal claims. Even Defendants' strained argument that Plaintiffs' request for attorneys' fees somehow converted Plaintiffs' equal protection claim into a claim under 42 U.S.C. § 1983 is utterly specious as Plaintiffs pled state law claims that include the opportunity to seek such remedy.

As the Supreme Court recognized, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs … and wastes judicial resources." *Martin*, 546 U.S. at 140. The Court recognized that the award of fees for unreasonable removal acts as deterrence for those parties that seek removal in order to "delay[] litigation and impos[e] costs on the plaintiff." *Id.* Clearly, Defendants' removal in this case was just such a delay tactic. Furthermore, the time spent fighting this improper removal is particularly harmful to plaintiffs because the Ordinance at issue in this case is set to take effect on July 1, 2016. Therefore, plaintiffs are under a significant time constraint to seek relief from the Tennessee courts before the changes resulting from the Ordinance begin harming plaintiffs' pensions.

In *Warthman v. Genoa Twp. Bd. of Trs.*, the Sixth Circuit held that the district court abused its discretion by failing to award costs and fees to the plaintiff pursuant to 28 U.S.C. § 1447(c). 549 F.3d 1055, 1061 (6th Cir. 2008). In that case, plaintiff brought only state law claims but referred to the Due Process Clause of the United States Constitution in the body of the

6

complaint. As the Sixth Circuit recognized, after noting that 42 U.S.C. § 1983 was not mentioned in the complaint, "the omission of a reference to § 1983 in a carefully drafted complaint filed by a plaintiff represented by counsel should have provided the [defendant] with notice that [plaintiff's] reference to the Due Process Clause was not intended to raise a federal cause of action." *Warthman*, 549 F.3d at 1063. Similarly, plaintiffs here are represented by counsel and the Complaint did not refer to Section 1983; therefore, there was clearly no intent to raise a federal claim.

The Sixth Circuit found that the defendant in *Warthman* did not have an objectively reasonable basis for removal:

> [Plaintiff's] complaint was not sloppily drafted. It neatly laid out two state-law causes of action and did not invite the [defendant] – as a less careful complaint might have done – to latch onto the constitutional reference and imply a federal claim where none was stated.

*Id.* at 1063. This is similar to the situation in this case: Defendants have latched on to the Complaint's state law equal protection claim and the request for attorneys' fees and attempted to create a federal claim where it does not exist. Simply put, there is no such claim in this case. Therefore, Defendants' basis for removal was not objectively reasonable and the Court should award Plaintiffs the costs and expenses they have incurred in fighting this improper removal.

## IV. CONCLUSION

Therefore, for the reasons stated above, Plaintiffs respectfully request that this case be remanded to the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis because this court lacks subject matter jurisdiction. Plaintiffs further request an award of the fees and costs they have incurred as a result of the improper removal.

Respectfully Submitted,

s/ DEBORAH GODWIN
DEBORAH GODWIN, BPR #9972
TIMOTHY TAYLOR, BPR #015682
GODWIN, MORRIS, LAURENZI
& BLOOMFIELD, P.C.
50 North Front Street, Suite 800
Memphis, Tennessee 38173-0290
Telephone: 901-528-1702
Facsimile: 901-528-0246
dgodwin@gmlblaw.com


MEGAN K. MECHAK,[2] DC BAR #986687
SARA A. CONRATH, DC BAR #1022461
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W., Suite 1000
Washington, D.C. 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090
mkm@wmlaborlaw.com
sac@wmlaborlaw.com

ATTORNEYS FOR PLAINTIFFS


CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system and that upon filing notice will be sent via the Court's CM/ECF system to all registered parties.

s/ DEBORAH GODWIN
DEBORAH GODWIN

---

[2] If the court retains jurisdiction, proper *pro hac vice* motions for out of state counsel, Megan K. Mechak and Sara A. Conrath, will be filed.